**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IRENE HOUSTON,

      Petitioner,                  Civil No. 2:13-CV-13886
                                      HONORABLE ARTHUR J. TARNOW
v.                                UNITED STATES DISTRICT JUDGE

ANTHONY STEWART,

      Respondent.

_____/

## OPINION AND ORDER CONDITIONALLY GRANTING
## THE PETITION FOR A WRIT OF HABEAS CORPUS

Irene Renee Houston, ("Petitioner"), incarcerated at the Women's Huron Valley Correctional Facility, in Ypsilanti, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her conviction for embezzlement of $100,000 or more, in violation of M.C.L.A. § 750.174(7), and forgery, in violation of M.C.L.A. § 750.248. Petitioner is currently serving a sentence of eight to twenty years' imprisonment for the embezzlement conviction and two to fourteen years' imprisonment for the forgery conviction.

Petitioner raises a number of claims alleging the incorrect scoring of her sentencing guidelines, the ineffective assistance of trial counsel, and the ineffective assistance of appellate counsel. For the reasons stated below, petitioner's application for writ of habeas corpus is **CONDITIONALLY GRANTED**.

## I.  Background

Petitioner pleaded guilty to the above offenses on November 18, 2010, in the Wayne County Circuit Court.  On February 17, 2011, petitioner was sentenced 8-20 years imprisonment for the embezzlement conviction and 2-14 years imprisonment for the forgery conviction.

On March 3, 2011, petitioner filed a timely request for the appointment of appellate counsel.  Phillip Comorski was appointed as appellate counsel on March 23, 2011.  On August 14, 2011, appellate counsel visited petitioner in prison.  Petitioner informed appellate counsel that she wanted to challenge her sentencing guidelines, but not the underlying plea.  Appellate counsel informed petitioner that he would contact her at a later date by mail.

In May of 2013, petitioner wrote to Mr. Comorski to ask for a copy of her Sentencing Information Report to check on the guidelines herself, since it had already been 1 ½ years since she had last heard from Mr. Comorski.  Comorski responded by sending petitioner a letter dated May 30, 2013, informing petitioner that he had withdrawn from her case back in 2011 and another attorney had been appointed, telling her that "inquiry should be directed to whomever was appointed as substitute counsel." Doc. # 1, Pg ID 39.  This Court notes that Comorski failed to file a brief with his motion to withdraw that was in conformity with the dictates of *Anders v. California,* 386 U.S. 738 (1967).

The trial court granted appellate counsel's motion to withdraw.  However, the trial court never appointed substitute appellate counsel, contrary to the

representations made by Comorski in his letter to petitioner, dated May 30, 2013.[1] The record reflects that on November 22, 2011, the circuit court entered an order granting Comorski's motion to withdraw as appellate counsel, but scratched out the portion of Comorski's presented order allowing for new appointed counsel. *People v. Houston,* No. 10-6776-01-FH (Wayne County Circuit Court, November 22, 2011), Doc. # 6-1, Pg ID 151.

On August 14, 2013, petitioner filed a *Halbert* Motion[2] for the appointment of appellate counsel, which was denied in a form order. *People v. Houston,* No. 10-006776-01-FH (Wayne County Circuit Court, November 18, 2013).

On September 5, 2013, petitioner filed her original habeas petition for a writ of habeas corpus. On October 16, 2013, this Court held the petition in abeyance so that petitioner could return to the state courts to exhaust her claims.

On October 31, 2013, petitioner filed a motion for relief from judgment, which was denied. *People v. Houston,* No. 10-6776-01-FH (Wayne County Circuit Court, March 3, 2014), Doc. # 10-6, Pg ID 387. The Michigan appellate courts denied petitioner leave to appeal. *People v. Houston,* No. 150403 (Mich.Ct.App. Sept. 19, 2014); *lv. den.* 498 Mich. 852; 864 N.W.2d 564 (2015).

On July 16, 2015, petitioner filed an amended petition for writ of habeas corpus, in which she sought relief on the same grounds that she raised in her original habeas petition:

---

[1]See Petitioner's Amended Habeas Petition, Doc. # 6-1 Pg ID 142.

[2] *Halbert v. Michigan,* 545 U.S. 605 (2005).

I. Sentence is invalid due to an upward departure from the sentencing guidelines range due to improper and incorrect PRV and OV scoring.

II. Ineffective assistance of counsel.

III. Ineffective assistance of appellate attorney.

The Court reopened the petition to the Court's docket on September 25, 2015.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

The Court will first address petitioner's third claim, because this is the claim upon which the Court is granting habeas relief. Petitioner contends that she was denied the assistance of counsel on appeal when the trial court permitted her court-appointed appellate counsel to withdraw without filing an *Anders* brief and without making any determination as to whether petitioner's case contained any viable issues as required by *Anders v. California,* 386 U.S. 738 (1967), nor was petitioner allowed to respond to Comorski's request to withdraw as counsel, and the trial court failed to appoint substitute appellate counsel.

As part of the answer, respondent argues that the petition is time-barred because it was filed beyond the one year limitations period.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F.3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner was sentenced on February 17, 2011. At the time of petitioner's conviction, petitioner had twelve months after her sentence pursuant to M.C.R. 7.205(F)(3) to file a delayed application for leave to appeal. *See e.g. Williams v. Birkett,* 670 F.3d 729, 731 (6th Cir. 2012).[3] Petitioner had until February 17, 2012, to timely file her petition within the one year limitations period. Petitioner's

---

[3] In September of 2011, M.C.R. 7.205(F)(3) was amended to require that any delayed application for leave to appeal be filed with the Michigan Court of Appeals within six months of the judgment of sentence. M.C.R. 7.205(F)(3). Because petitioner was sentenced prior to that date, petitioner presumably would have one year to file a delayed application for leave to appeal with the Michigan Court of Appeals.

original petition was signed and dated September 5, 2013, which was beyond this date.[4]  Respondent argues that because the original petition and the subsequent amended petition were filed beyond this date, the habeas application is untimely.

Respondent ignores the fact that petitioner alleges in her third claim that her appellate attorney, Phillip Comorski, failed to file an appeal on her behalf when she requested that he do so.  Petitioner further contends that she did not discover that Mr. Comorski failed to file an appeal on her behalf until he sent her a letter on May 30, 2013, in which he informed petitioner that he had withdrawn as appellate counsel.[5]  Mr. Comorski claimed in his letter that he had sent petitioner a notarized affidavit on August 16, 2011, and a follow-up letter on September 21, 2011, and when he did not hear from petitioner, he moved to withdraw as counsel.  Petitioner sent Mr. Comorski a follow-up letter, in which she indicated that, other than the letter from Mr. Comorski dated May 30, 2013, she received no prior correspondence from him regarding the status of her appeal.  Petitioner specifically informed Mr. Comorski that she was unaware that he had withdrawn as appellate counsel.[6]

---

[4] Under the prison mailbox rule, this Court assumes that petitioner filed her habeas petition on September 5, 2013, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

[5] *See* Letter from Mr. Comorski to petitioner, dated May 30, 2013, attached to the amended habeas petition. (Doc. # 6-1, Pg ID 142).

[6] *See* Letter from Petitioner to Mr. Comorski (Doc. # 6-1, Pg ID 138).

Respondent does not contest in his answer that petitioner did not learn until May 30, 2013, that Mr. Comorski had been permitted to withdraw as appellate counsel by the trial court nor does respondent claim that petitioner learned about the status of her appeal from another source prior to that date. The Court will therefore accept the factual allegations contained within the habeas petition that petitioner did not learn until May 30, 2013, that appellate counsel was permitted to withdraw as counsel and that substitute appellate counsel was not appointed to represent petitioner, because the respondent has not disputed this allegation in his answer. *See Cristini v. McKee,* 526 F.3d 888, 894, n. 1 (6th Cir. 2008)("When a state's return to a habeas corpus petition fails to dispute the factual allegations contained within the habeas petition, it essentially admits these allegations").

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F.3d 896, 898 (6th Cir. 2005).

The factual predicate for petitioner's ineffective assistance of appellate counsel claim accrued under § 2244(d)(1)(D) on May 30, 2013, when petitioner learned that her appellate counsel failed to file an appeal and had in fact withdrawn from the case. *See Granger v. Hurt*, 90 F.App'x. 97, 99–100 (6th Cir. 2004). Petitioner would have had one year from this date, or until May 30, 2014,

8

to timely file her petition for a writ of habeas corpus.  Because the instant petition was filed on September 5, 2013, the current petition is timely, at least with respect to petitioner's appellate counsel claim.

Petitioner contends that she was denied the assistance of counsel on appeal when the trial court permitted her court-appointed appellate counsel to withdraw without filing an *Anders* brief and without making any determination as to whether petitioner's case contained any viable issues as required by *Anders v. California, supra.*

Respondent does not dispute in his answer that appellate counsel withdrew without filing an *Anders* brief.  The Court will therefore accept the factual allegations contained within the habeas petition insofar as they are consistent with the record, because the respondent has not disputed them. *See Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002).

A defendant has an absolute right to be represented by counsel on his or her first appeal from his or her conviction. *Douglas v. California*, 372 U.S. 353, 356 (1963); *Penson v. Ohio*, 488 U.S. 75, 83-83 (1988).  The Sixth Amendment right to the effective assistance of trial counsel has been extended to guarantee the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 395-97 (1985).

In the present case, petitioner pleaded guilty.  The Supreme Court has ruled that a person who pleads guilty in Michigan has a right to the assistance of appellate counsel on his or her first-tier appeal with the Michigan Court of

Appeals. *Halbert,* 545 U.S. at 609–10; *Keyes v. Renico,* 2005 WL 2173212 (E.D. Mich. September 2, 2005).

Appellate counsel was appointed to represent petitioner, but was permitted to withdraw without first filing an *Anders* brief. Petitioner was not given an opportunity to respond to appellate counsel's motion to withdraw or to offer any arguments that she had viable claims for appellate review.

In *Anders, supra,* at 744, the U.S. Supreme Court held that a court-appointed appellate counsel could move to withdraw, if, following "a conscientious examination" of the case, appellate counsel determined that the case was "wholly frivolous." The Supreme Court indicated that any request to withdraw should "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* A copy of this brief should be furnished to the defendant and time should be given to allow him to raise any points that he chooses. *Id.* The Supreme Court indicated that the court, and not counsel, should decide, after a full examination of all the proceedings, whether the case is wholly frivolous. If the court makes such a finding, it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned. *Id.*

An appellate counsel's failure to meet the requirements of *Anders* for withdrawing from the representation of a criminal defendant is presumptively prejudicial. *See Allen v. United States,* 938 F.2d 664, 666 (6th Cir. 1991); *Freels v. Hills,* 843 F.2d 958, 962-63 (6th Cir. 1988); *United States v. Anderson,* 409 F.

Supp. 2d 925, 926 (N.D. Ohio 2005).  Appellate counsel's failure in this case to withdraw from petitioner's appeal in compliance with the dictates of *Anders* amounted to the constructive denial of appellate counsel for petitioner.  This Court concludes that petitioner was deprived of her right to the assistance of appellate counsel and is entitled to the issuance of a writ of habeas corpus.

The remaining question for the Court is what the appropriate habeas remedy would be in this case.  A federal habeas court has broad discretion in conditioning a judgment granting habeas relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).  28 U.S.C. § 2243 authorizes federal courts to dispose of habeas corpus matters "as law and justice require."  A federal court can grant a conditional writ of habeas corpus in lieu of ordering a habeas petitioner's immediate release. *See e.g. Salem v. Yukins,* 414 F. Supp. 2d 687, 700 (E.D. Mich. 2006).  Federal district courts have broad discretion to fashion the appropriate form of habeas relief and that discretion includes conditionally granting a writ to pursue another appeal with the assistance of appellate counsel. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 830 (E.D. Mich. 2004); *modified on reconsideration,* 340 F. Supp. 2d 773 (E.D. Mich. 2004).

The Court holds that the proper remedy would be to issue a writ of habeas corpus, conditioned upon the Wayne County Circuit Court ordering new appellate counsel be appointed to prepare and file an application for leave to appeal.

Because this Court's conclusion that petitioner is entitled to habeas relief on this claim is dispositive of the petition, the Court considers it unnecessary to review petitioner's other claims and declines to do so. *See Satterlee v. Wolfenbarger,* 374 F. Supp. 2d 562, 567 (E.D. Mich. 2005); *aff'd,* 453 F.3d 362 (6th Cir. 2006). This Court expresses no opinion on the merits of the substantive issues raised.

## IV. ORDER

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **CONDITIONALLY GRANTED**. It is further **ORDERED** that the Wayne County Circuit Court shall order new appellate counsel be appointed and that appointed counsel shall prepare and file an application for leave to appeal within fifty-six days thereafter, or release the petitioner from unlawful custody, in which case the petitioner's convictions shall be vacated.

**s/Arthur J. Tarnow**
**HON. ARTHUR J. TARNOW**
**Dated: May 2, 2017**                    **UNITED STATES DISTRICT COURT**