**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IRENE HOUSTON,

    Petitioner,                            Civil No. 2:13-CV-13886
                                               HONORABLE ARTHUR J. TARNOW
                                               UNITED STATES DISTRICT JUDGE

v.

ANTHONY STEWART,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR UNCONDITIONAL WRIT OF HABEAS CORPUS AND RELEASE

This matter is before the Court on Petitioner's motion for unconditional writ of habeas corpus and for release. For the reasons stated below, the motion is **DENIED.**

### I. BACKGROUND

This Court granted petitioner a writ of habeas corpus, because petitioner had been denied her right to the effective assistance of appellate counsel. *Houston v. Stewart*, No. 2:13-CV-13886, 2017 WL 1632888 (E.D. Mich. May 2, 2017). The Court entered an order stating:

> Accordingly, it is ORDERED that the petition for a writ of habeas corpus is CONDITIONALLY GRANTED. It is further ORDERED that the Wayne County Circuit Court shall order new appellate counsel be appointed and that appointed counsel shall prepare and file an application for leave to appeal within fifty-six days thereafter, or release the petitioner from unlawful custody, in which case the petitioner's convictions shall be vacated.

*Id.,* at * 5.

Respondent initially filed a notice of appeal. While respondent's appeal was pending in the Sixth Circuit, the Michigan Court of Appeals entered an order remanding petitioner's case to the Wayne County Circuit Court for that court to appoint appellate counsel for petitioner "within 7 days of the Clerk's certification of this order." That order also provided that "[w]ithin 56 days after the entry of the order of appointment, counsel shall file in this cause an application for leave to appeal." *People v. Houston,* No. 338365 (Mich. Ct. App.).

On June 23, 2017, the Wayne County Circuit Court signed an order appointing new appellate counsel for petitioner. (See Respondent's Appendix B, attached to respondent's answer in opposition to the motion for release from custody). The Michigan Court of Appeals subsequently sent a letter to appointed appellate counsel informing her that she was required by this Court's opinion and order to file an application for leave to appeal within 56 days of the order appointing her (or August 18, 2017)(See Respondent's Appendix C, attached to respondent's answer in opposition to the motion for release from custody).

Ultimately, the parties entered a stipulation on June 28, 2017, in which respondent agreed to dismiss the appeal of this Court's order. The parties then entered the following order:

The parties agree and stipulate to the following:

(1) The State agrees to dismiss with prejudice its Notice of Appeal in

this matter.

(2) Houston agrees that the June 20, 2017 order by the Michigan Court of Appeals effectuates "substantial compliance" with this Court's order of May 2, 2017.

(3) Both parties understand that, if the Wayne Circuit Court does not appoint counsel within 7 days of the Michigan Court of Appeals' June 20, 2017 order, or if appointed appellate counsel does not file an application for leave to appeal within 56 days of the entry of the order of appointment of counsel, the conditional writ shall take effect, and Houston must be released from custody and her convictions vacated.

Petitioner has now filed a motion for an unconditional writ of habeas corpus and/or for her release on the ground that her appellate counsel had not filed an application for leave to appeal to the Michigan Court of Appeals. Respondent filed a reply to the motion.

A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case. *Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.,* 53 F.3d 859, 861 (7th Cir. 1995). When the state fails to cure the error, i.e., when it fails to comply with the conditions of grant of conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *See Satterlee v. Wolfenbarger,* 453 F.3d 362, 369 (6th Cir. 2006). "[T]he conditional nature of the writ also places within the district court the power to determine that its order has been substantially complied with and release is not warranted." *Ward,* 342 F.App'x 134, 137 (6th Cir. 2009)(quoting *McKitrick v.*

3

*Jeffreys*, 255 F.App'x 74, 76 (6th Cir. 2007)).

In the present case, appellate counsel filed an application for leave to appeal with the Michigan Court of Appeals on August 18, 2017.[1] Appellate counsel has complied with the Court's order and the parties' subsequent stipulation. The state trial court has appointed appellate counsel for petitioner. Appellate counsel filed an appellate brief on her behalf within the time period for doing so. Petitioner is not entitled to an unconditional writ or release from custody.

**ORDER**

**IT IS HEREBY ORDERED** that the motion for unconditional writ of habeas corpus and for release from custody is **DENIED.**

                        s/Arthur J. Tarnow  
                        Arthur J. Tarnow  
                        Senior United States District Judge

Dated: October 10, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 10, 2017, by electronic and/or ordinary mail.

                        s/Catherine A. Pickles  
                        Judicial Assistant

---

[1] The Court obtained this information from the Michigan Court of Appeals' website, coa.courts.mi.gov/, and from Westlaw's website, www.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).